## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID B. CASSELL** | **:  CIVIL ACTION** |
| | **:** |
| **v.** | **:  NO.  20-305** |
| | **:** |
| **HOMELAND SECURITY** | **:** |

## MEMORANDUM

**KEARNEY, J.**                                                                    **January 29, 2020**

David B. Cassell's latest *pro se* complaint seeks over 900 trillion dollars from the United States Department of Homeland Security for entirely unplead events.  He does not plead anything other than he suffered injuries at some undefined time and place by unplead persons. He does not plead a legal claim.  Upon reviewing his financial affidavit, we allow him leave to proceed *in forma pauperis*.  But he does not presently plead a claim within our jurisdiction.  We must dismiss his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).  We grant him leave to timely file an amended complaint with a short and plain statement of his claim including facts against a specific state actor for a civil rights claim or identifying any other person liable for conduct.

### I.  Plead facts

Philadelphia resident David B. Cassell sues "Homeland Security" alleging "human rights" violations and seeking in excess of 900 trillion dollars.[1]  He identifies his state of citizenship as his own name and the Defendant's citizenship as "Americans."[2]  He claims the events giving rise to his undefined human rights claim occurred in New York, Pennsylvania, and Chicago involving "Pennsylvania, criminal court, police department" with no one else involved.[3] He pleads "court officers were present when the assault took place."[4]  We have no idea what assault he is referencing.  He claims he suffered injuries to his hands, ankles, and the rest of his

body.[5] For relief, he seeks instant justice, compensation, something to do with his immigration status, and he wants to reopen undefined old cases.[6] We are uncertain as to any basis for his claim.

## II. Analysis

We grant Mr. Cassell leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action.

Upon granting leave to proceed *in forma pauperis,* we must to dismiss the Complaint if it fails to state a claim.[7] We apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)[8]: whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[9] Conclusory allegations do not suffice.[10] As Mr. Cassell is proceeding *pro se*, we liberally construe his allegations.[11] We also require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] We may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[13] "Pleadings [must] provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."[14]

### A. Mr. Cassell fails to plead a claim.

Mr. Cassell has not plead facts to proceed. We have no idea what he is claiming. We dismiss his complaint with leave to timely amend if he can sue parties not immune for specific conduct within our limited jurisdiction.

2

**B.    We dismiss Mr. Cassell's claims against Homeland Security with prejudice.**

Mr. Cassell may not sue the Department of Homeland Security under a "human rights" or other civil rights claim and thus any claim against Homeland Security is dismissed with prejudice. Congress has not authorized a civil rights claim against federal agencies. Civil rights laws at 42 U.S.C. § 1983 do not apply to federal agencies and officers as they act under federal law.[15] This principle applies to the Department of Homeland Security as a federal agency.[16] Mr. Cassell may not sue the Department of Homeland Security for a civil rights violation. All claims against this federal agency are dismissed with prejudice.

He also has not plead a claim for supervisory liability which must be based on a policy or custom under § 1983 and involve conduct by an identified agent.[17]

**III.    Conclusion**

In the accompanying Order, we dismiss Mr. Cassell's Complaint for failure to plead a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We dismiss civil rights claims against Homeland Security with prejudice. As he proceeds *pro se*, we grant Mr. Cassell leave to timely file an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants for specific conduct causing him injury within our limited jurisdiction.

---

[1] ECF Doc. No. 2.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] 28 U.S.C. § 1915(e)(2)(B)(ii).

3

[8] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[10] *Id.*

[11] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[12] Fed.R.Civ.P. 8.

[13] *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

[14] *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

[15] *Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998).

[16] *Bishop v. Dep't of Homeland Security*, No. 14-5244, 2015 WL 2125782, *11-12 (D.N.J. May 6, 2015).

[17] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").